MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255

# United States Court of Appeals for the ⸻ Circuit

DISTRICT COURT
DISTRICT OF N.H.
FILED
2014 APR 14  A 11: 54

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| Elaine Brown | 03924-049 | |

Place of Confinement

FCI Aliceville, PO Box 4000, Aliceville, AL  35442

IN RE:  Elaine Brown                                                     , MOVANT

---

1. Name and location of court which entered the judgment of conviction from which relief is sought: ⸻

District Court of New Hampshire, 55 Pleasant St., Concord, NH  03301

2. Parties' Names:   United States          vs.   Edward & Elaine Brown

3. Docket Number:   09-cr-30-GZS          4. Date Filed:   1/21/09

5. Date of judgment of conviction: July 9, 2009        6. Length of sentence:  420 months

7. Nature of offense(s) involved (all counts):
   1) Conspiracy to Prevent Officers of the U.S. from Discharging Their Duties;18 USC§372
   2) Conspiracy to Commit Offense Against U.S.; 18 USC§371 & 111(a) & (b)
   4) Carrying & Possessing a Firearm in Connection with a Crime of Violence; 18 USC§924(c)
      (1)(A)&(B)
   6) Felon in Possession; 18 USC§922(g)(1)
   8) Obstruction of Justice; 18 USC§1503
   11) Failing to Appear  for Sentencing; 18 USC§3146

8. What was your plea? (Check one)         ☒ Not Guilty      ☐ Guilty        ☐ Nolo Contendere

9. If you pleaded not guilty, what kind of trial did you have? (Check one)        ☒ Jury       ☐ Judge only

10. Did you testify at your trial? (Check one)                ☐ Yes      ☒ No

11. Did you appeal from the judgment of conviction? (Check one)        ☒ Yes      ☐ No

12. If you did appeal, what was the

   Name of court appealed to: First Circuit Court of Appeals

   Parties' names on appeal:  Elaine Brown     vs.   U.S.

   Docket number of appeal:  unknown          Date of decision:  1/19/12

   Result of appeal: Denied

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?        ☒ Yes      ☐ No

14. If you answered "Yes" to question 13, answer the following questions:

A. FIRST PETITION, APPLICATION, OR MOTION
(1) In what court did you file the petition, application, or motion? __Application for cert US SC__

(2) What were the parties' names? __Elaine Brown__ vs. __U.S.__

(3) What was the docket number of the case? __unknown__

(4) What relief did you seek? __overturn of Count 4__

(5) What grounds for relief did you state in your petition, application, or motion?

Incorrect jury instructions

(6) Did the court hold an evidentiary hearing on your petition, application or motion?   ☐ Yes   ☒ No

(7) What was the result?   ☐ Relief granted   ☒ Relief denied on the merits

☐ Relief denied for failure to exhaust   ☐ Relief denied for procedural default

(8) Date of court's decision: __3/12/12__

B. SECOND PETITION, APPLICATION, OR MOTION
(1) In what court did you file the petition, application, or motion? __District Court of New Hampshire__

(2) What were the parties' names? __Elaine Brown__ vs. __U.S.__

(3) What was the docket number of the case? __1:13-cv-21-GZS/09-cr-30-GZS__

(4) What relief did you seek? __Vacate or remand for resentencing__

(5) What grounds for relief did you state in your petition, application, or motion?
a) Incorrect application of guidelines
b) Absence of evidence for Counts 4 & 6
c) Not in possession of weapon with obliterated serial number
d) Harmful error in Count 4 to run consecutive

(6) Did the court hold an evidentiary hearing on your petition, application or motion?   ☐ Yes   ☒ No

(7) What was the result?   ☐ Relief granted   ☒ Relief denied on the merits

☐ Relief denied for failure to exhaust   ☐ Relief denied for procedural default

(8) Date of court's decision: __6/7/13__

This was a 2255

CONTINUATION OF PAGE 2

14. C. THIRD PETITION, APPLICATION OR MOTION
(1) Motion filed in Fourth Circuit Court of Appeals

(2) Parties named: Elaine Brown v. U.S.

(3) Docket number: none

(4) Relief sought: Vacate or correct sentence

(5) Grounds:
a) Alleyne - incorrect application of enhancements
b) No evidence for conviction of Count 4
c) Ineffective assistance of counsel

No evidentiary hearing

(7) Motion returned for pocedural default

(8) Date of denial 10/22/13

C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

D. PRIOR APPELLATE REVIEW(S)
Did you appeal the results of your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | |
|---|---|---|
| First petition, application, or motion | ☐ Yes  Appeal No. | ☐ No |
| Second petition, application, or motion | ☐ Yes  Appeal No. | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. | ☐ No |

If you did not appeal from the denial of relief on **any** of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

I was discouraged, and lacked legal knowledge to proceed.

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)          ☒ Yes          ☐ No

16. If your answer to question 15 is "Yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

District Court of New Hampshire
1:13-cv-21-GZS/09-cr-30-GZS

It was done all wrong due to lack of legal knowledge; my fault.

17. If your answer to question 15 is "No," why not? This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

I did not present the following claims in any previous petition, application, or motion for relief under 28 U.S.C. § 2254:

I did not present the claims listed above in any previous petition, application, or motion because

Alleyne had not yet been decided
Rosemond had not yet been decided

Movant prays that the United States Court of Appeals for the First Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct. Executed

on          4/6/14
                 [date]

_____
Movant's Signature

PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on        April 7, 2014        I mailed a copy of this motion and all attachments
                             [date]

to   First Circuit Ct. of Appeals, 1 Courthouse Way, Boston, at the following address:
     MA 02210

     District Court of New Hampshire, 55 Pleasant St., Concord, NH  03301

_____
Movant's Signature

IN THE UNITED STATES APPELLATE COURT
FOR THE FIRST CIRCUIT
CIVIL NO. 13-cr-21-GZS

Elaine Brown
Peetitioner

v.                                     2244 Addendum

United States of America              Case #09-cr-30-GZS
Respondent

---

MOTION TO VACATE/SET ASIDE/REMAND PURSUANT TO 28 USC§2255(e)(f) or (3) IN
LIGHT OF LAFLER V. COOPER, MISSOURI V. FRYE, & ALLEYNE V. UNITED STATES.

---

COMES NOW Petitioner, Elaine Brown, Pro se, humbly requests of this court,
permission to proceed with the hereto motion pursuant to 28 USC§2255(e)(f)or(3),
in light of the above said mention cases. Petitioner's conviction was finalized
prior to the holdings in the above cases, so under equitable tolling, petitioner
is timely. In the case of Alleyne, which has been deemed a watershed case of
principle, in the Antiterrorism and Effective Death Penalty Acts exception
to its prohibition on successive habeas petitions, which allows a prisoner
to present a second or successive habeas corpus petition when it relies on a
new consitutional rule that has been 'made retroactive to cases on collateral
review by the Supreme Court,' 28 USC§2244(b)(2)(a), codifies the retroactivity
approach of Teague v. Lane, 489 US 288 (1989), the Appellate Court for the
Ninth Circuit decided Feb. 9. Invoking one of Teague's two exceptions to its
general rule of nonretroactivity, the court held that Section 2244(b)(2)(a)
allows a prisoner to present a successive petition that relies on a new rule
of bedrock principle that was not generally declared retroactive by the
Supreme Court. (Flowers v. Walter, 9th Cir., No. 99-35552, 2/9/01).

The Court indicated that Circuit split stems from a disagreement as to how
the Supreme Court can express its retroactivity dicisions. The Court said
that retroactivity decisions by the Supreme Court can be manifest in three
ways:

(1) by explicitly stating that a new rule of constitutional law is retro-
active, (2) by applying the new rule retroactively in a collateral pro-

1

ceeding, or (3) by in effect making a new rule retroactive where the new rule implicates the fundamental fairness of a criminal proceeding and is related to the accuracy of the underlying conviction.

Since the landmark ruling in Alleyne v. United States, 6/17/13, S.Ct. No. 11-9335, there have been numerous cases, including, but not limited to, Astorga v. Kansas, 12-7568; Dotson v. U.S., 11-9837; Deleon v. U.S., 12-6558, 4th Cir.; Graham v. U.S., 12-7274, 2d Cir.; Mubdi, 12-7398, 4th Cir.; Shaver, 12-7525, 3rd Cir.; Barnes & Barton v. U.S., 12-7769, 12-8236, 1st Cir.; Jordan v. U.S., 12-8298, 11th Cir.; Smarv v. U.S., 12-8411, 11th Cir.; Abramson v. U.S., 12-8683, 8th Cir.; Lightfoot v. Alabama, No. 11-20200, 7/12/13. Under these rulings, petitioner Brown is eligible for relief, in light of Alleyne decision.

At issue here is not only the fact of guilt or innocence. What is at issue, is the ineffectiveness of counsel, when it came to critical stages of the process. Brown's fundamental rights, covered by the 5th, 6th, and 14th Amendments, were grossly violated, due to lack of regard for her liberty, by way of defense counsel. In Lafler v. Cooper, 566 US 132S.Ct. 1376, 182 L. Ed.2d 398 (2012), it was conceded that the inmate's counsel was deficient in providing erroneous legal advice concerning the plea bargain. In this case of Brown, defense counsel failed to seek a plea bargain at all, and none was ever offered to petitioner. Defendants have a 6th Amendment right to counsel, a right that extends to the plea bargaining process. During plea negotiations, defendants are entitled to the effective assistance of competent counsel. A two-part test applies to challenges to guilty or not guilty pleas, based on ineffective assistance of counsel. The performance prong of the test requires a defendant to show that counsel's representation fell below an objective standard of reasonableness. Petitioner will establish prejudice in the hereto motion, and will show that there is a reasonable probability that, bur for ocunsel's unprofessional errors, the result of the proceeding would have been different. In the context of pleas, a petitioner must show the outcome of the plea process would have been different with competent counsel. The same principle and holding is stated also in Missouri v. Frye, 566 US, 132S.Ct. 1399, 182 L.Ed. 2d, 379 (2012).

SUMMARY OF FACTS:
Petitioner, along with husband/co-defendant, was convicted on 7/9/09 on various counts. Petitioner had never been offered a plea bargain, and defense counsel failed to seek such or to negotiate same with prosecutor. Petitioner was unaware of this at the time

of trial. Given the length of her sentence (35 years), and petitioner's age, (now 73), this amounts to a life sentence. It would be a travesty to fail to investigate the claims of petitioner in light of Lafler v. Cooper, and Missouri v. Frye.

### Alleyne

On June 17, 2013, the Supreme Court dicided in Alleyne v. United States, No. 11-9335 S.Ct., holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the maximum, must be submitted to a jury, and proved beyond a reasonable doubt. It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties, to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt. If the law identifies a fact that warrants a deprivation of a defendant's liberty, or an increase in the deprivation, such fact must be proven to a jury beyond a reasonable doubt. (MANDATE OF THE UNITED STATES CONSTITUTION).

In United States v. Reese, 92 US 214, 232-233 (1876), Justice Clifford stated: The indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted, as reaffirmed years later, in the landmark Apprendi decision, and now once again in Alleyne. The question presented to the Supreme Court is, "Does the enhancement of the effective minimum sentence by aggravating factors not proven to a jury beyond a reasonable doubt, deprive a defendant of Due Process of Law, and his/her rights to a trial by jury?" The resounding answer by the U.S. Supreme Court was, "the judgment is vacated and the case is remanded back to court, in light of Apprendi, and once again reiterated in Alleyne.

Defendant was found guilty by a jury of her peers, but what she wasn't found guilty of were the enhancements that skyrocketed her offense level. These enhanced elements that had a crucial and drastic effect on her liberty, were not privy to the jury, by whom it was her right to be judged.

These elements that subsequently increased her sentencing range, were illegal, unfair and unjust, and basically gave her a life sentence. Thus, if the governmentt wished to seek penalties in excess of those applicable by virtue of the elements of the offense alone, then the government must charge the facts, giving rise to the increased sentence in the indictment, and must prove the facts to the jury beyond a reason-able doubt. To do otherwise is unconstitutional. To not reveal all elements of the ꞔꞔ.

3

crime, and to withhold pertinent information which would help establish guilt or innocence, on every aspect, so that a jury of defendant's peers can make a decision based on all th e relevant elements of the case, is also unlawful and uncosntitutional.

With a level of 31, had petitioner received a mitigating, minor, or no role, for instance, and consideration of her age of 68 at the time of trial, as well as consideration of her characteristics (See Pepper v. U.S.), eliminating the enhancements applied to her by the court by error, she would have received a much lighter sentence. Is this justice?

When a conviction is final, a new rule announced by the Supreme Court only applies if it is substantive. Schriq v. Summerlin, 542 US 345, 35 (2004). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant convicted of an act that the law does not make criminal [or] faces a punishment that the law cannot impose upon him." Alleyne articulated "a substantive rule of statutory interpretation" because Alleyne's verdict form clearly indicated that the jury did not find brandishing beyond a resonable doubt. Petitioner Brown states that no evidence was presented to the jury implicating her in complicity with explosive devices, firearms, etc. No aggravating factors were presented by the government to connect her with these items.

Had defense counsel sought a plea agreement for petitioner, the outcome of her sentence would have been much lighter. It is most likely that the charge of 18 USC §924 (c)(1)(A)&(B) would have been dismissed. The prosecutor presented no evidence that connected petitioner to the weapons, destructive devices, ammunition, parts, etc. No finger prints of hers were found on any of these items, as so testified by USMarshals at trial. Her only connection was her proximity to these, which was unavoidable due to the fact that they were around her home. Since Harris was overturned in Alleyne, only a jury can find facts that trigger a mandatory minimum sentence. As so such facts were presented, this should have been dismissed at plea negotiations initiated by defense counsel. No evidence was presented to show that Brown brandished the hand gun she carried, as US Marshals testified that she did not brandish, but kept the weapon down by her side. Again, grounds to dismiss this charge.

In Commonwealth of Massachusetts v. Romero, the Massachusetts Supreme Court held that

4

"ownership and proximity are not enough" evidence to infer defendant knew about the gun, given the passenger was openly handling the gun. The court disagreed with the lower court's reasoning that the defendant showed an interest to exercise control over the gun by virtue of the fact that he owned the vehicle, but failed to kick out the passenger. A proprietary interest in the vehicle coupled with failure affirmatively exclude the [weapon] does not indicate that the defendant controlled the firearm. To establish that a defendant had a sufficient relationship to contraband located in a shared area, there must be a particulary link to the defendant.

Driver does not "unquestionably" have the ability to exercise dominion and control just because he knows a passenger is armed. Ownership and operation cannot be deemed sufficient in themselves, lest a driver be held strictly liable for any contraband brought into the vehicle.

This holding unquestionably extends to owner and home, as from driver and vehicle. The government provided no evidence to justify the 35-years sentence imposed on petitioner in Count 4. Again, justification that this charge could have been dismissed in a plea bargain.

18 USC§924 refers to the offense being committed "during the commission of a crime of violence." There is no crime of violence in this case. Petitioner did not use, attempt to use, or threaten to use any force against any person or property of another. Petitioner often stated that she would never initiate force, but would defend herself if fired upon. Again, reason to dismiss this charge in a plea bargain. Due to the total lack of evidence on this charge, defense counsel could have made a case for actual innocence due to the "absence of facts that are prerequesite for the sentence given. (Black's Law Dictionary, 9th Ed.)

Currently the Supreme Court is considering the case of Rosemond v. U.S., regarding the issue of requiring proof of intentional facilitation or encouragement of the use of a firearm, as held by the First, Second, Third, Fifth, Seventh, Eighth, and Ninth Circuits, or simple knowledge that the principal used a firearm during a crime of violence or drug trafficking. The fact that the Supreme Court is taking this matter under consideration, along with the holdings of the several above-named circuits, shows a change in sentencing and evidence laws and philosophies. To sentence a defendant who has played a minor or no role in an action or conspiracy is to deny him his constitutional rights under the 8th Amendment's

5

protection against cruel and unusual punishment.

Defense counsel would have brought up the issue of petitioner's life of no criminal history, 60 plus years of a quiet and peaceable life, contributing to society. The sentencing would h ave taken into consideration her characteristics as well as the elements of her crime, in imposing a sentence that fit the offender as well as the crime, and not just the crime.

All these matters would have been brought up in a plea negotiation had defense counsel so sought such, and petitioner's sentence would have turned out to be far lighter than the 35 years she received.

The time in which petitioner's crime occurred were a time of great emotional up-heaval for her. She was torn between obedience to a judge's order to remain away from her home and her husband, and loyalty to her husband. Her decision to be with her husband was, in retrospect, not the wise one, but the one she felt compelled to make at the time. Petitioner regrets her actions, especially the resultant fear and upheaval it caused her community, most specifically her close neighbors. She also regrets the effects her actions imposed on law enforcement personnel, as well as the  anxiety of her family.

IN CONCLUSION, defense counsel, by not seeking a plea agreement, violated petitioner's 5th, 6th, and 14th Amendment rights. Due Process clause of the U.S. Constitution requires all elements of a crime be charged in the indictment and proved to a jury beyond a reasonable doubt. Petitioner's sentence is an unconstitutional depirva-tion of her liberty, because she was unable to secure a plea, and most probably reduce her sentence. So not only was petitioner forced to go to trial on the pre-mise that "the government did not submit any documentation," (Missouri v. Frye), defense counsel failed to seek and obtain a plea agreement (Lafler v. Cooper), and her sentence was enhanced unlawfully (Alleyne), which ultimately sealed her fate of a life sentence, in essence. Petitioner is deserving of at least an evi-dentiary hearing to investigate the said claims in the hereto motion.

Petitioner requests this honorable court grant her permission to proceed with the hereto motion pursuant to 18 USC§2255 (e),(f), or (3).

Respectfully submitted,

Elaine Brown

Elaine Brown, Pro se

6

## ADDENDUM TO 2244 BRIEF

When petitioner completed her brief, the Rosemond case was still pending.
As of March 5, 2014, the Supreme Court ruled in favor of the petitioner.
Under this Supreme Court ruling, the petitioner would qualify for relief,
based on the jury instructions, specifically on Count (4) of the indictment.
The penalty phase of the 924(c) statute violation is what is at issue
here. In order to impose such a draconian sentence on the petitioner,
the jury would have to be told, that Ms. Brown committed the underlying
offense, while engaging in a crime of violence. The jury instructions
had to relect those words. In the case of Elaine Brown, the jury, was
not told the exact specifications, to exact guilt. Which is a violation
of her constitutional rights. The Rosemond case has been deemed a
watershed case, because of the way it will affect jurisdictions on how
they indict individuals, and how they can prove defendants participated
in a conspiracy, or the extent of their participation. Ignorance is no
longer a crime.

IN THE   UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEW HAMPSHIRE

DOCKET NO:   09-cr-30-gzs


ELAINE BROWN,
          PETITIONER

VS.

UNITED STATES,
          RESPONDENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PRO SE MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. 2255
(f)(3) IN LIGHT OF THE RECENT SUPREME COURT DECISIONS IN
ALLEYNE V UNITED STATES, ROSEMOND V UNITED STATES, LAFLER
V COOPER, AND MISSOURI V FRYE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> MS. BROWN"S SENTENCE IS ILLEGAL IN LIGHT
> OF THE SUPREME COURT"S DECISIONS IN ALLEYNE
> ROSEMOND, LAFLER, AND MISSOURI.

On June 17, 2013, the Supreme Court decided Alleyne v. United States,
NO. 11-9335,(June 17, 2013), holding that:

The Sixth Amendment provides that those accused of a crime, have the right
to trial "by an impartial jury." This right, in conjunction with the
Due Process Clause, requires that each element of a crime be proved to
the jury beyond a reasonable doubt. The substance and scope of this right
depend upon the proper designation of the facts that are elements of
the crime. The court also held: Juries must find any fact that increases
either the statutory maximum or minimum because the Sixth Amendment applies
where a finding of fact both alters the legally prescribed range and does
so in a way that aggravates the penalty importantly, this is distinct from

fact finding used to guide Judicial discretion in selecting a punishment "within limits fixed by law." Williams v N.Y., 337 U.S. 241, 246 (1949) ]

Prior to Apprendi and Jones, circuits clearly rejected the characterization of any element, be it drugs, role, and, but not limited to, quality of narcotic, as an element of an offense. (see U.S. v Hester, 199 F.3d 1287 1291, (11th cir, 1-7-00) (and cases cited therein.) After Apprendi and Jones, however, that is no longer the law of the land. Now, after Alleyne, a number of courts have held that, to the extent that drug amount, drug type, enhancements, (inclusive, but not limited to, leader/organizer, obstruction of justice, gun bumps, sophisticated means, etc, etc,) do increase the defendant's sentence above the statutory maximum, and therefore, must be alleged in the indictment, submitted to the jury and proven beyond a reasonable doubt. If it is not, a defendant's sentence above the statutory maximum, is unconstitutional. See U.S. v Sheppard, 2000, WL 988 WL 1006054 (S.D. W VA July 19, 2000) ( Under the Due Process Clause of the Fifth Amendment, and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction" that increases the maximum penalty for a crime, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. When applying these principles, Ms. Brown's sentence, is clearly unconstitutional. Without any specification in the indictment as to any specific applicable subsection of 18 USC §924, or as to any enhanced role as to threatening physical injry, interfering with the administration of justice, offense while on release in (4) counts, obliterated serial number, substantial interderence with administration of justice, and threatening bodily harm, without any jury findings in that regard, in reference to all accounts, the

enhancements were applied in violation of the Fifth Amendment presentment clause and Due Process Clause, as well as Sixth Amendment notice and jury trial guarantees, as it currently stands. Therefore, Ms. Brown's sentence is illegal.

In that regard, Ms. Brown makes the following arguments. First, the sentence imposed in this case should be vacated, because the court adopted penalty provisions are unconstitutional. If the law identifies a fact that warrants a deprivation of a defendant's liberty, or an increase in the deprivation, such facts must be proven to the jury. These are founding words that were recorded in the Mandate of this country. Under the above premise, petitioner states:

Sub judice, is neither complex or taxing. Its rather simple. Petitioner along with her husband, were convicted of failing to pay their taxes. Unfortunately, petitioner did not surrender to authorities on the date ordered by the court. It is the following episode that led to tumultous events, that ended up imposing a draconian sentence of (420) months, on the petitioner. In Turnbull v U.S. 00-345, the matter of sentencing enhancements for the role in the offense such as the (3) point mangerial enhancement, and the (2) point gun bump , was vacated and remanded by the Supreme Court, because they were deemed unconstitutional, for not being charged in the indictment and proven beyond a reasonable doubt. In Count (1) of the indictment, the petitioner was found guilty of conspiring to prevent officers of the U.S. from discharging their

4.

duties.

Yet, the government saw fit to enhance the petitioner with threatening physical injry, interfering with administration of justice, and offense while on release. Whats disturbing here, is that the actual count covers those enhancements, as well as count (8) which was an obstruction of justice charge. In its zealousness to prosecute, the government over-reached here. On all the counts, the government enhanced the petitioner by (3) points for "offense while on release". Was it really neccessary to enhance by (12) points for one "element"? Was it legal?  Not according to the Alleyne ruling. Cruel and harsh punishment seems more along the lines.

The government also felt the need to enhance with a"threatening bodily harm" enhancement, that illicited a bbump of (8) levels. Once again, that enhancement on Count (8) along with a "substantial interference with administration of justice" is one and the same. The enhancements are exactly the same thing as the actual count itself, 'obstruction of justice.' The enhancements alone demand a sentence of (30) years. Thirty years of a deprivation of petitioner's liberty. Aggravating elements that should have been privy to the jury. Any element that affects one's liberty, is a factor, by law, that must be charged on the indictment, and proven beyond a reasonable doubt, as to guilt, or non-guilt. It would constitute a miscarriage of justice if the petitioner was not entitled to the benefit of Alleyne. In light of the substantialimpact of Alleyne on prosecutions under 18 U.S.C. 924, the court should follow Murphy  and consider the decision as establishing a watershed rule. Alleyne  falls squarely within this definition. Prior to Alleyne , facts that were used to increase a sentence specifically

drug quantities, role participation, and gun: bumps, were calculated by a probation officer and the AUSA, in a PSR following conviction. This is the practice that has now, once again, been deemed unconstitutional and must therefore be corrected. It does not matter how or what form a constitutional vilation has occurred, once it is realized, it must be corrected.

This is what happened in Alleyne. It has now been realized by the U.S. Supreme Court that the Federal Sentence Guidelines have been abused and the error must be rectified. It is unconstitutional to remove from the jury, the assessment of facts that alter the Congressionally prescribed range of penalties to which a criminal defendant is exposed. Thus, under the reasoning set forth in Alleyne, the enhancement attributed to Brown are unconstitutional because they permit increases in the maximum penalties without requiring that these 'factors' be alleged in an indictment, submitted to the grand jury, and determined beyond a reasonable doubt by a petit jury.

Upon §2255 review, to not grant relief, in the least, as to an evidentiary hearing, would be a travesty of justice, wherein a older lady will continue to languish within the FBOP, without ever having a chance to attack her sentence. A draconian sentence, that was handed down to her by this court, will see her die in prison. That's the reality. Thats not fair.

In conclusion, on June 17, 2013, the U.S. Supreme Court declared unconstitutional a federal sentence scheme that violates certain

6.

sentencing procedures under the U.S. Sentencing Guidelines. It is now a recognized constitutional practice that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable dout. The court held that the court's procedure challenged in this case, is an unacceptable departure from the jury tradition that is an indispensible part of our criminal system. Jurisdictional defects are non-waivable and non-defaultable. One has to question the legality of this sentence, when no loss of life occurred, no assault, no victim impact. Yet, (420) months was deemed legal?

## Rosemond v United States

On march 5, 2014, the Supreme Court decided Rosemond v United States, No. 12-895 (March 5, 2014)  holding that:

The trial court's jury instructions were erroneous because they failed to require that Rosemond knew in advance that one of his cohorts would be armed. In telling the jury to consider merely whether Rosemond 'knew his cohort used a firearm', the court did not direct the jury to determine when Rosemond obtained the requisite knowledge-i.e, to decide whether Rosemond knew about the gun in sufficient time, to withdraw from the crime.

Petitioner's case is similar in a way to Rosemond. Being on a premise, doesnt mean that one is fully aware of the goings and comings of said premise. Petitioner stated from the beginning that she was not aware of what was being brought into the house. So

according to the Supreme Court, unless you tell the jury explicitly, that in order to qualify under the aiding and abetting statute, or in fact, any statute that includes intent, (1) a person is liable only if she takes an affirmative act in furtherance of the underlying offense, and (2) with the intent to facilitate that offense's commission, the conviction is unconstitutional. In the petitioner's case, the government did not explain the jury instructions to the jury to include, that petitioner Elaine Brown, had to meet both components. On count (4), jury instructions were not inclusive of in order to find her guilty on said count, a crime of violence had to be the underlying offense. None of the counts are indicative of a crime of violence. There was no crime of violence. There was no shootout. The only shots fired was when agents fired upon a guest walking down the driveway. No shots were returned. What constitutes a crime of violence in this case? Was this'crime' explained to the jury, in order for them to ascertain guilt, which would justify the enhanced penalty of the 924 statute? I believe not, and according to Rosemond v United States, the sentence has to be vacated.

The Supreme Court has made it abundantly clear, that this practice is just not acceptable. Rosemond's case touches on the 5th, 6th, 14th, and Due process clause of the Amendment rights. Rosemond's jury instructions clearly ommitted pertinent instructions that the jury needed to ascertain guilt or innocence. Because of these violations, Rosemond's case was remanded, which brings me back to Brown. If the

8.

transcripts are reviewed, it will show that the government never explained during litigation its intentions, on how, why, when, and where, Brown committed a violent crime. What the transcripts will show, are violations on her person.

In conclusion, the law says; " the indictment must contain an allegation of every fact, which is legally essential to the punishment to be inflicted." (Justice Clifford in U.S. v Reese, 92, U.S. 214, 232-233 (1876). These penalty enhancements on the 924 statute are illegal and unconstitutional, as the jury instructions were not inclusive of the neccessary components, that are a must to convict under the 924(c)(1)(a) penalty phase.

Wherefore movant requests respectfully that this Honorable court, vacate her illegal sentence, which was imposed in violation of her 5th 6th, and 14th, Amendment rights.

The movant asks that she be resentenced on the facts that will be proven by a jury at trial.

## Lafler v Cooper.

The right to effective assistance of counsel may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial. (Murray v Carrier, 477 U.S. 478,496 91 L.ed 2d.,397, 106 S.CT 2639 (1986). In Lafler v Cooper, and Missouri v Frye, the esteemed Supreme Court held: If a plea bargain has been oofered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can

shown, if loss of the plea opportunity led to a trial resulting in a
conviction on more serious charges, or the imposition of a more severe
sentence.

If the government offered a plea, it was never mentioned to the petitioner,
at any time. It was the petitioner's right, even if she was claiming
innonence, to be able to review the government's offer, and decide
on whether it was acceptable, or could be negotiated to expose petitioner
to a lower sentencing guideline.
It should be noted that a defendant 'need not prove with certainty,
or even by a preponderance of the evidence, that the outcome would have
been different absent his attorney's deficient performance.' (<u>Kates v
U.S., 930 f. supp. 189, 192 (</u>nciting U.S. v Day, 969 f.2d 39, 42 (3rd cir 1992)

Petitioner falls under the <u>Missouri v Frye holding</u> as well. In that
case, counsel did not mention any plea as being offered, period. Missouri
pled guilty without the benefit of a plea. In Brown's case, no plea
was mentioned at any time during the criminal proceedings. A violation,
which according to the Supreme Court, must be rectified.

In conclusion, the right to effective assistance of counsel may in
a particular case be violated by even an isolated error of counsel if
that error is sufficiently egregious and prejudicial. (<u>Murray v Carrier
477 U.S. 478, 496, 91 L.ed 2d. 397, 106 S.CT 2639 (1986)</u>. When a
conviction is final, a new rule announced by the Supreme Court only
applies if it is substantive. <u>Schriq v Summerlin, 542, U.S. 345, 35 (2004)</u>.
These substantive rules are applied retroactively because they

10.

'necessarily carry a significant risk that a defendant stands convicted
of an act that the law does not make criminal (or) faces a punishment
that the law cannot impose upon him. Elaine Brown's 5th, 6th and 14th
Amendment rights were violated. Movants sentence is an unconstitutional
deprivation of liberty, because she was unable to have a legitimate
expectation of what her sentence would be based on what was charged
and convicted.

In representing a criminal defendant, counsel owes the client a duty of
loyalty, a duty to avoid conflicts of interest, a duty to advocate the
defendant's cause, a duty to consult with the defendant on important
decisions, a duty to keep the defendant informed of important developments
in the course of the prosecution, and a duty to bring to bear such skill
and knowledge as will render the trial a reliable adversarial testing
process. Under <u>Lafler</u>, <u>Missouri</u>, <u>Alleyne</u>, and <u>Rosemond</u>, defense counsel,
failed.  Who suffered? Elaine Brown.

Petitioner is entitled to an evidentiary hearing on Ineffective assistance
of counsel, and <u>Alleyne</u>, and <u>Rosemond</u>, claims, when record is inconclusive
on issues. (U.S. v Witherspoon, 231 f.3d 923, 2000 U.S. App. Lexis 27778
(4th cir. 11-6-00). Unless the motion and the files and records of the
case conclusively show that the prisoner is entitled to no relief, the
court shall cause notice thereof to be served upon the U.S. Attorney,
grant a prompt hearing theron, determine the issues and make findings
of fact and conclusions of law with respect thereto.

Respectfully submitted,

Elaine Brown