UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09-cr-030-GZS |
| | ) | |
| ELAINE BROWN | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

Defendant Elaine Brown was convicted for her leading role in the armed standoff with the United States Marshal Service after her conviction for tax evasion. Luckily, the Marshal Service was able to intercede before any violence occurred. The defendant was sentenced to 420 months of imprisonment. Among the offenses, was her conviction under § 18 U.S.C. § 924(c) for the use of explosives that carried a 360-month sentence. The Supreme Court has since ruled that the provision of § 924(c) under which the defendant was convicted is invalid and therefore the defendant is before the Court for resentencing. Without the now invalid § 924(c) offense, the defendant faces an advisory guideline range of 262 to 327 months. The United States recommends that the Court impose a sentence within that range.

The defendant's sentencing memorandum makes three primary points. First, her crimes did not result in any actual violence. Second, she was manipulated by her husband, Edward Brown. And third, she has undergone substantial post-trial rehabilitation while in the Bureau of Prisons. As to the defendant's third claim, the government does not dispute the facts presented about the defendant's behavior in prison. But the defendant's notion that there was no actual violence misses the point and the facts about her relationship with her husband does not undermine the fact that the defendant took a leadership role in this dangerous conspiracy.

The defendant says that "no person suffered any injury as a result of any of the actions of the Browns or their coconspirators." While that statement is accurate, it ignores why that is so.

The defendant and her coconspirators armed themselves to the teeth and engaged in violent threats against the Marshals to dissuade them from taking the Browns into custody after their valid convictions and sentencing.  That the conspiracy did not end in the violent conflagration the Browns promised was the result of the excellent work of the United States Marshal to infiltrate the conspiracy.  But that is not to the defendant's credit.  There was no evidence that the defendant or her confederates were unwilling to use the weapons stockpiled on the Brown property.  Indeed, just before the undercover Marshals arrested the defendant, she held a semi-automatic handgun on them while her husband held an assault rifle.  In short, the notion that the defendant should receive credit because the nine-month siege ended peacefully is absurd.

The defendant's suggestion that Edward Brown is to blame is simplistic.  The defendant was educated and ran a successful dental practice.  After the defendant was convicted but before sentencing, this Court released her to live with her children with electronic monitoring.   She made her own choice to cut off the monitoring bracelet, return to her husband and join in the conspiracy.  During that conspiracy, she took care of the supporters that came to her property and held guns on the undercover Marshals as mentioned above.  There is no doubt that in every conspiracy the relationships among the coconspirators is complicated and has an effect on the actions that people take.  But the defendant was a successful adult with adult children when she met the defendant.  She is responsible for her own actions.

This Court sentenced the defendant to 420 months, more than the 360 months that this Court was required to impose.  Thus, the Court's view at the time was that the defendant's conduct required a punishment more serious than the minimum the law required.  See Dean v United States, 137 S. Ct. 1170 (2017).

2

That view was and remains correct.  The Supreme Court has determined that Congress' definition of crime of violence in § 924(c) was unduly vague.  But can there be any doubt that under any reasonable lay understanding of the term 'crime of violence,' the defendant's conduct qualifies?  She was part of an armed cabal determined to undermine the rule of law through violence if necessary.  The defendant will benefit from the Supreme Court's change in the law.  But the question now is by how much?

The defendant's offense was serious and it deserves serious punishment.  It is also critically important that this Court send a general deterrence message that flouting the judicial system with threats of violence will not be tolerated in an organized society.  And finally, a long sentence conveys the ultimate issue underlying this prosecution -- respect for the law.  A guideline sentence would reflect these important sentencing considerations.  Therefore, the government recommends that the Court sentence the defendant to a guideline sentence.

Dated:  January 21, 2020

Respectfully submitted,
SCOTT W. MURRAY
United States Attorney

By:  /s/ Seth R. Aframe
Seth R. Aframe, AUSA
53 Pleasant Street, 5th Floor
Concord, NH  03301
(603) 225-1552
seth.aframe@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this response has been forwarded this date via ECF electronic filing to Jeffrey Levin, Esq., counsel for the defendant.

/s/ Seth R. Aframe
Seth R. Aframe, AUSA